IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMIE CEJA, | * | |
| Petitioner, | * | |
| | * | CV 115-018 |
| v. | * | (Formerly CR 111-359) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

# O R D E R

On February 3, 2015, Petitioner Jamie Ceja filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The United States Magistrate Judge appointed counsel for Petitioner and held an evidentiary hearing. The Magistrate Judge then issued a 65-page Report and Recommendation on March 21, 2017, recommending denial of the § 2255 petition.

Ceja objected to the Report and Recommendation; upon consideration, however, this Court adopted the Report and Recommendation in its entirety on July 12, 2017.

Presently, Ceja has filed a pro se "Motion for Leave to Alter or Amend Judgment Adopting Without Elaboration the Magistrate's Report and Recommendation." Federal Rule of Civil Procedure 59(e) allows a court to alter or amend

judgment upon motions filed within 28 days of the entry of judgment. Ceja's motion was timely filed here.

Rule 59(e) does not set forth the grounds for relief; instead, district courts in this Circuit have identified three grounds that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994). Here, Ceja does not argue a change in the law or present new evidence; rather, he essentially contends that this Court must reconsider its ruling to prevent manifest injustice.

Rule 59(e) may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Internat'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (quoted source omitted). In this case, Ceja only attempts to reargue or rehash his position on the Miranda rights issue. This is not a proper

2

use of Rule 59(e). A party cannot file a motion asking the "Court to rethink what the Court . . . already thought through-rightly or wrongly." Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). Consequently, Ceja's motion to alter or amend the judgment (doc. 144) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of August, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA